## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

DANTE N. COLEMAN,

        Petitioner,

        v.                                Case No.  15-C-1271

UNITED STATES OF AMERICA,

        Respondent.

---

ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY, AND DISMISSING CASE

On October 26, 2015, the Seventh Circuit Court of Appeals granted Dante Coleman permission to file a successive § 2255 motion on the ground that the residual clause of the Sentencing Guidelines was void for vagueness under the Due Process Clause and that counsel was ineffective for failing to raise the claim.  The parties have fully briefed the motion, and the Federal Defender Services of Wisconsin has entered an appearance on behalf of Coleman.  For the reasons set forth below, the motion will be denied.

Originally, Coleman was sentenced to 120 months on the felon-in-possession count, 262 months (concurrent) for possession with intent to distribute cocaine base, and 60 months (consecutive) for the use-of-a-firearm count.  Because of the length of the term of supervised release, the case was remanded and the court reduced the sentence on the drug count from 262 to 180 months in prison for a total of 240 months.  During both sentencings, Coleman was classified as a career offender under U.S.S.G. § 4B1.1 because he had at least two prior felony convictions of either a "crime of violence or a controlled substance offense."  His prior convictions for a vehicle operator fleeing or eluding an officer and possession with intent to distribute cocaine met the criteria.  Accordingly, the enhancement

under the Guidelines increased the offense level and the criminal history category to a range to 262-327 months in prison.

The parties have briefed the pending § 2255 motion with the assumption that the United States Supreme Court would extend its holding in *United States v. Johnson*, 135 S. Ct. 2551, 2557 (2015), invalidating the same residual clause in 18 U.S.C. § 924(e). However, the Supreme Court recently held that the Guidelines are not subject to a vagueness challenge similar to that in *Johnson. Beckles v. United States,* 2017 WL 855781 (March 6, 2017). Indeed, the Supreme Court unequivocally held that the § 4B1.2(a)'s residual clause is not void for vagueness. *Id.,* 2017 WL at * 9. Accordingly, the court must deny Coleman's claim that the Guideline's residual clause is void for vagueness. Moreover, the court cannot find that Coleman has satisfied the *Strickland v. Washington* standard, inasmuch as counsel was not deficient in failing to anticipate a claim that would be rejected by the Supreme Court.

Now, therefore,

IT IS ORDERED that Coleman's motion under 28 U.S.C. § 2255 is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied. In light of the *Beckles* decision, reasonable jurists would not differ and Coleman needs no encouragement to proceed further.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2017.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. Clevert, Jr.
U.S. District Judge